# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

KRISTINA HILL,
BRIAN EDWARDS, and
THOMAS PRIVITERE,

    Plaintiffs,

v.

PUBLIC ADVOCATE OF THE UNITED STATES,

    Defendant.

---

## COMPLAINT

---

Plaintiffs KRISTINA HILL, BRIAN EDWARDS, and THOMAS PRIVITERE, through their undersigned counsel, bring this action against Defendant PUBLIC ADVOCATE OF THE UNITED STATES ("PAUS"), a non-governmental organization. By this Complaint, Plaintiffs seek declaratory relief, compensatory damages, costs and attorneys' fees, as well as any other relief to which they may be entitled.

## PRELIMINARY STATEMENT

1. This case is about the defilement of a beautiful moment. Brian Edwards ("Edwards") and Thomas Privitere ("Privitere") are a married couple living in Montclair, New Jersey. Edwards and Privitere, like many couples, hired a photographer to memorialize their happiness on the occasion of their engagement. They chose Kristina Hill ("Hill"), a well-regarded Brooklyn wedding photographer, and a college friend of Edwards.

1

2. Hill is a professional photographer. She began working as a freelance editorial photographer eight years ago for newspapers and magazines, and for the past four years has made her living as a professional wedding photographer.

3. Hill made the following photograph, which became one of the couple's favorite photos (the "Photograph"):



4. Defendant Public Advocate of the United States is an organization which encourages discrimination against lesbian, gay, bisexual and transgender ("LGBT") people.

5. Earlier this spring, PAUS sent the following mailer to recipients in Colorado (the "White Mailer"):



6. The White Mailer refers to Republican then-State Senator Jean White, of Colorado's 8th District, who had supported a bill that would have granted same-sex couples the right to enter into civil unions. At the time, Sen. White was engaged in a primary race against another Republican for her Senate seat.

7. The reverse side of the White Mailer identifies the sender as "Public Advocate of the United States, 5613 Leesburg Pike, Suite 17, Falls Church, VA 22041, PublicAdvocateUSA.org".

8. Prior to Plaintiffs' discovery of the unlawful acts described in this Complaint, the White Mailer was prominently featured and displayed in a *Denver Post* article entitled, "Ugly

campaign fliers hit in northwestern Colorado state Senate race," which appeared in print and online.

9. PAUS sent another mailer to Colorado residents, also using Hill's photo of Edwards and Privitere, this one referring to Jeffrey Hare, then a Republican candidate for Colorado House District 48 (the "Hare Mailer"):



10. As with the White Mailer, the back of the Hare Mailer stated that it had been sent by Defendant PAUS and included PAUS's address and website url.

11. Defendant's use of the Photograph in the White Mailer and the Hare Mailer was not authorized by any Plaintiff, not by Edwards and Privitere, the couple whose likenesses are used, and not by Kristina Hill, the photographer who created the Photograph and who owns a registered copyright in it. The mailers also did not provide a photo credit to Hill.

12. The use of Edwards and Privitere's likenesses, individually or as a couple, and the use of the copyrighted Photograph, in the Mailers was wholly gratuitous. Defendant used the Photograph as a generic stock photo representing marriage by same-sex couples or of two men kissing. But stock photos representing these concepts are readily available for licensing from stock photo agencies and other rights holders. The Defendant used the Photograph instead of licensing one from a stock photo house because it did not wish to pay the customary price.

13. Defendant's actions constitute unlawful infringement of Hill's copyrighted photograph and unlawful appropriation of Edwards and Privitere's personalities and likenesses.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over Hill's copyright claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), and over the remaining claims under 28 U.S.C. § 1367(a).

15. The Court has jurisdiction to declare the rights of the parties and to award any further necessary and proper relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

17. Personal jurisdiction over Defendant exists because Defendant intentionally targeted the acts at issue in this case at Colorado.

## PARTIES

18. Plaintiff Kristina Hill is a professional photographer who lives and works in Brooklyn, New York, and is the sole proprietor of Kristina Hill Photography.

19. Plaintiffs Brian Edwards and Tom Privitere are residents of Montclair, New Jersey, who married in a civil ceremony in Connecticut in 2010.

20. On information and belief, Defendant Public Advocate of the United States is a Washington, D.C. corporation with its principal place of business in Falls Church, Virginia. PAUS is a 501(c)(4) organization which, according to its website, offers strong and vocal opposition to "the furtherance of so-called 'Gay Rights.'" PAUS may be served with process through its founder and president, Eugene Delgaudio, at Public Advocate of the United States, 5613 Leesburg Pike, Falls Church, VA 22041.

## FACTS GIVING RISE TO THIS ACTION

21. Edwards and Privitere first met during the summer of 2000 while they were both working at a restaurant in New York City. Edwards was a college student pursuing his bachelor's degree at the time, while Privitere was an actor. Edwards remembers noticing Privitere's terrific sense of humor; Privitere recalls being intrigued by Edwards' North Carolina roots. They began socializing as part of a group of friends after they first met, but by May of 2001, they decided to start "going steady."

22. Edwards and Privitere began living together as a couple sometime during 2002. They met each other's families and friends, and in March of 2009, they joined together in a domestic partnership at City Hall in New York City.

23. On December 7, 2009, Privitere got down on one knee – in front of a roomful of their friends and family – and proposed marriage to Edwards, who said "yes."

24. In January of 2010, Edwards and Privitere started their own blog to celebrate their engagement and upcoming marriage. On their blog, Edwards and Privitere posted logistical

information about their ceremony, anecdotes to chronicle their planning process, and photos to commemorate their engagement. Their blog was an easy and meaningful way to share details of their engagement and upcoming wedding celebration with their friends and family who lived around the country – in Rochester, San Francisco, North Carolina, and elsewhere.

25. In May of 2010, Privitere and Edwards hired Hill and her company Kristina Hill Photography to take pictures of them to commemorate their engagement. The Photograph was taken by Hill on May 23, 2010, as part of Edwards and Privitere's engagement photo shoot.

26. Hill's photograph is a copyrightable work of creative expression.

27. Hill directed Edwards and Privitere into the pose in which they appear in the photograph, kissing but standing apart, holding both hands. Hill chose this pose because the separation between Edwards and Privitere makes the kiss exaggerated, lending an air of playfulness to the photograph. In other words, by directing Edwards and Privitere into their pose, Hill made creative contributions to the subject of the photograph.

28. Hill chose the timing of the photograph as well, choosing to press the shutter a moment into the kiss, with the couple's noses touching, faces scrunched.

29. Hill chose the camera angle, shooting at a slight angle to Edwards and Privitere, but so as to highlight both the space between their bodies and their facial expressions. Hill also chose the focal length of the lens (50mm), the aperture (f/11), and the shutter speed to achieve her desired effect. Hill positioned the couple and herself to achieve the desired lighting. Hill shot the photograph in color, but later decided to change it to black and white. In other words, some of Hill creative choices dealt with the rendition of the subject—not what was depicted, but how it was depicted.

30. Privitere and Edwards wanted to share certain of Hill's photographs with their friends and family, so with her permission they posted some of them, including the Photograph, on their blog.

31. Privitere and Edwards were married in a civil ceremony on September 7, 2010. On October 17, 2010, they celebrated their marriage with approximately twenty-five friends and family members at a ceremony in Puerto Vallarta, Mexico.

32. On June 27, 2012, Edwards and Privitere learned that the Photograph had been used by Defendant for use in the White Mailer and the Hare Mailer. Edwards had been contacted by a friend who had seen the White Mailer in a *New York Daily News* print article about Sen. White's opponent in the Republican primary, and recognized Edwards and Privitere as the gay couple in the Mailer.

33. The day after Edwards discovered that the Photograph had been used in the Mailers, he wrote on his blog: "[The photo] represents my long term relationship with my best friend, my partner, and now husband – the love we share and obstacles we have overcome. It is a reminder of the happiness I felt the day he proposed to me and of the excitement I had throughout our engagement. It represents hope and it represents love. Or at least it did… Now I see it faded and brown with a big red, blood-emulating slash across our bodies. It cuts us in half just below our hearts. How do I feel? I'm in shock and I'm angry and I'm hurt and I'm flabbergasted and I'm livid."

34. Hill learned of the infringement on June 27, 2012.

35. Shortly after learning of the infringement, on June 28, 2012, Hill wrote on her blog: "Brian, a client and good friend, called me last night to share his discovery that one of the

images I had taken during their engagement session had been stolen, digitally manipulated and reproduced in a campaign targeting a senator for her vote in support of a bill allowing same-sex couples to form civil unions. When I heard this, a range of emotions flooded through me. When I actually saw the image, my heart dropped. . . . It fuels me as a photographer to know that these images will be cherished. That they will hang on walls, be passed around at gatherings, put in albums, and that someday maybe children and grandchildren will display these moments in their own homes. To see an image, taken with that intent being used in the way it was used is heart-breaking for me."

36. On information and belief, the White Mailer was prepared, reproduced, and distributed by Defendant.

37. On information and belief, the Hare Mailer was prepared, reproduced, and distributed by Defendant.

38. Defendant did not secure, or attempt to secure, Plaintiff Edwards or Plaintiff Privitere's permission to use or manipulate their likenesses or images.

39. Defendant did not secure, or attempt to secure, authorization from Plaintiff Hill to use or manipulate her copyrighted photograph.

40. Prior to bringing this lawsuit, Plaintiffs attempted to receive assurance from Defendant that it would cease and desist from the unauthorized use of the Photograph and of Plaintiffs Edwards and Privitere's likenesses. *See* Letter from Christine Sun to Eugene Delgaudio, dated July 11, 2012, attached hereto as Exhibit A. As of the filing of this Complaint, Plaintiffs have received no reply to their letter.

## COUNT I: COPYRIGHT INFRINGEMENT
(Plaintiff Hill Against Defendant)

41. Plaintiff Hill re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

42. Plaintiff Kristina Hill holds a valid copyright in the Photograph. Hill's copyright in the Photograph has been duly and lawfully registered with the United States Copyright Office under Registration Number VA 1-827-483.

43. Hill has not granted Defendant a license to use the Photograph.

44. Defendant infringed Hill's exclusive right granted by 17 U.S.C. § 106(1) by reproducing the Photograph in copies.

45. Defendant infringed Hill's exclusive right set granted by 17 U.S.C. § 106(2) by preparing a derivative work based upon the Photograph.

46. Defendant infringed Hill's exclusive right set granted by 17 U.S.C. § 106(3) by distributing copies of the Photograph to the public, unsolicited, through the mails.

47. As a result of Defendant's infringement, Hill has suffered actual damages, in the form, for example, of lost license fees.

48. Accordingly, Hill is entitled to declaratory relief, actual damages, and infringer's profits.

## COUNT II: APPROPRIATION OF PERSONALITY OR LIKENESS
(State Law Tort Claim by Plaintiffs Brian Edwards and Tom Privitere Against Defendant)

49. Plaintiffs Edwards and Privitere re-allege and incorporate by reference all of the preceding paragraphs in this Complaint.

50. The message promoted in Defendant's Mailers – that Edwards and Privitere, or any other same-sex couple for that matter, do not constitute a family – is entirely antithetical to Edwards and Privitere's core beliefs and sense of self.

51. Edwards and Privitere were and are distressed about the likelihood that their images were seen by gay and lesbian youth in Colorado who would feel ashamed of their sexual orientation because of the Mailers.

52. Edwards and Privitere were and are distressed at the prospect that parents of gay and lesbian children in Colorado may have received one of the Mailers and, upon reading it, think less of their own children and of same-sex couples generally.

53. Edwards and Privitere were and are outraged that their likenesses have been used to promote an agenda which directly harms families like theirs.

54. Edwards and Privitere have been targets of hate messages by people who have seen their likenesses on Defendant's Mailers. People have posted on the internet that Edwards and Privitere deserve to go to hell, that they deserve to be killed, and that any children they may have would be better off dead.

55. Edwards and Privitere have feared for their safety as a direct and proximate result of Defendant's actions.

56. Defendant has unlawfully appropriated the likenesses and personalities of Edwards and Privitere for the purpose of promoting its own anti-gay agenda. As a direct and proximate result of Defendant's appropriation of their likenesses and personalities, Edwards and Privitere have suffered mental distress and anguish, and proprietary, dignitary, and reputational harm.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiffs respectfully pray for the following relief:

A.   The entry of declaratory judgment that Defendant unlawfully infringed Plaintiff Hill's copyright;

B.   That Defendant be found to have willfully infringed Hill's rights in the Photograph under 17 U.S.C. § 501;

C.   That Defendant be directed to pay to Hill money damages and profits in accordance with 17 U.S.C. § 504;

D.   The entry of declaratory judgment that Defendant's actions against Plaintiffs Privitere and Edwards were unlawful;

E.   That Edwards and Privitere be awarded compensatory damages in an amount to be determined at trial to compensate them for the dignitary, reputational, proprietary, and mental harms that they have suffered as a result of PAUS's conduct alleged herein;

F.   That Defendant pay Plaintiffs' reasonable attorneys' fees, costs, and expenses incurred in connection with this action;

G.   That Plaintiffs be awarded prejudgment interest on any monetary award made part of the judgment against Defendant; and

H.   That Plaintiffs be awarded such additional and further relief as the Court deems just and proper.

DATED: September 26, 2012

        Respectfully submitted,

        s/   Christine P. Sun            .
        Christine P. Sun
        christine.sun@splcenter.org
        SOUTHERN POVERTY LAW CENTER
        400 Washington Avenue
        Montgomery, Alabama 36104
        Telephone:  334-956-8256

        Daralyn J. Durie (admission pending)
        ddurie@durietangri.com
        Joseph C. Gratz (admission pending)
        jgratz@durietangri.com
        DURIE TANGRI LLP
        217 Leidesdorff Street
        San Francisco, California 94111
        Telephone:  415-362-6666
        Facsimile:  415-236-6300

        Daniel D. Williams
        Dan.Williams@FaegreBD.com
        Christopher L. Larson
        Christopher.Larson@FaegreBD.com
        FAEGRE BAKER DANIELS LLP
        3200 Wells Fargo Center
        1700 Lincoln Street
        Denver, Colorado 80203-4532
        Telephone:  303-607-3500
        Facsimile:  303-607-3600

        Attorneys for Plaintiffs
        KRISTINA HALL, BRIAN EDWARDS, and TOM
        PRIVITERE

Plaintiffs' Addresses:  [addresses of Plaintiffs to be provided under seal; motion forthcoming.]