**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-2550-WYD-KMT

KRISTINA HILL,
BRIAN EDWARDS, and
THOMAS PRIVITERE,

Plaintiffs,

v.

PUBLIC ADVOCATE OF THE UNITED STATES,
a District of Columbia corporation,

Defendant.

---

**DEFENDANT PUBLIC ADVOCATE OF THE UNITED STATES' MOTION TO
RESTRICT ACCESS TO PLAINTIFFS' MOTION TO RESTRICT ACCESS**

---

Defendant Public Advocate of the United States ("Public Advocate"), by and through undersigned counsel hereby moves the Court for entry of an order to restrict access to the address of Public Advocate's president's personal residence. In support of this motion, Public Advocate states as follows.

CERTIFICATION: Undersigned counsel certifies that he conferred with counsel for plaintiffs prior to filing this motion. Counsel for plaintiffs refused to take a position on the proposed motion unless defendant's counsel sent a draft of the motion to him for review.

**I. BACKGROUND FACTS**

1.     Plaintiffs, through counsel Christine P. Sun, Esquire, the Deputy Legal Director of the Southern Poverty Law Center, filed the Complaint in this action together with a Motion for Leave to Restrict Access to Plaintiffs' Addresses.  *See* Docket Entries 1, Complaint, and 6 – 8, Motion for Leave to Restrict Access, Restricted Document and Memorandum in Support of Plaintiffs' Motion for Leave to Restrict Access.  Defendant agreed to the entry of the Order to Restrict Access.  See Docket Entry #21, Defendant Public Advocate's Response to Motion to Restrict Access.

2.     As lead counsel for Plaintiffs, Ms. Sun set forth Public Advocate's business address in two separate locations in the Complaint.  *See* Complaint at paragraph 7 and Exhibit A to the Complaint (letter from Ms. Sun to Public Advocate dated July 11, 2012).

3.     In addition, Plaintiffs' counsel provided the same business address for Public Advocate in the Summons presented in this case.  See Summons, Docket Entry #1.

4.     Similarly, the Civil Cover sheet prepared and submitted by Ms. Sun identifies the proper county in Virginia where the Public Advocate business office is located: Fairfax.  *See* Civil Cover Sheet, Docket Entry #1.

5.     Abruptly -- and inconsistent with plaintiffs' counsel's effort to protect plaintiff's privacy and with their practice of referring to Public Advocate's business address in the Complaint, Summons, and Civil Cover sheet -- plaintiffs' counsel unnecessarily published the home address of Public Advocate's President, Eugene Delgaudio, on a Certificate of Service.  *See* Plaintiffs' Motion for Leave to Restrict Access to Plaintiffs' Addresses, Docket Entry #3; *see also* Declaration of Eugene Delgaudio, attached as Exhibit A hereto, paragraph 4 ("Delgaudio Declaration").

6. Mr. Delgaudio's home is not even located in the same Virginia county as Public Advocate's business address. *See* Certificate of Service attached to Plaintiffs' Motion for Leave to Restrict Access; *see also* Delgaudio Declaration, paragraphs 3 and 4.

7. Moreover, Plaintiffs published Mr. Delgaudio's home address in a certificate of service appended to a motion which alleges that Plaintiffs received threats, including threats to their personal safety. *See* Motion for Leave to Restrict Access, paragraph 3 ("People have posted on the internet that Edwards and Privitere deserve to go to hell, that they deserve to be killed, and that any children they may have would be better off dead.")

8. Prior to filing this motion, plaintiffs' counsel had reason to know that the publication of Public Advocate President's home address could expose his family to great personal danger. The Southern Poverty Law Center (SPLC) targets organizations that disagree with its political views and labels them as "Hate Groups" on its web site. Ironically for an organization that says it opposes hatred, SPLC specifically incites others to hate those who have the temerity to disagree with it. It is true that some of the groups SPLC tars with the "hate group" label are in fact hate groups. It is also true that SPCS lumps in organizations like Public Advocate – whose only act of "hatred" was to disagree with SPCS's political views – with actual hate groups, in a cynical effort to discredit Public Advocate and others by associating them with actual hate groups.

9. Not only has SPLC outrageously called Public Advocate a "Hate Group," but also it has identified Public Advocate location on its so-called "Hate Map" which it publishes on its website. *See* copy of pages from the Southern Poverty Law Center's website attached hereto as Exhibit B; *see also* Exhibit A to the Complaint, Letter from Christine P. Sun, Esquire to Public

Advocate (". . . the Southern Poverty Law Center has previously designated 'Public Advocate' as a hate group."); *see also* Delgaudio Declaration, paragraph 5.

10.     The Family Research Council (FRC), another pro-marriage group in the Washington, D.C. area, was labeled as a "hate group" by the SPLC and placed on the SPLC's Hate Map.  On August 15, 2012, a Virginia resident by the name of Floyd Lee Corkins II entered the Family Research Council's building in Washington, D.C. and opened fire with a 9mm semi-automatic handgun shooting an unarmed employee of the Family Research Council.  The gunman, a pro-homosexual advocate who worked for the DC Center for the LGBT Community, told the FRC security guard just before shooting him: "I don't like your politics."  See articles describing the shooting at the Family Research Center from the Politico.com and CNS News websites, attached hereto as Exhibits C and D, respectively.

11.     The President of the FRC, Tony Perkins, stated in response to the shooting that while the gunman "was responsible for the wounding of one of our colleagues and one of my friends yesterday here at the Family Research Council . . . I believe that he was given a license by a group such as the Southern Poverty Law Center, who . . . labeled us a hate group because we defend the family and we stand for traditional, orthodox Christianity."  See Exhibit C, Politico.com article entitled "Family Research Council head blames Southern Poverty Law Center" dated August 16, 2012.

12.     After the shooting at the Family Research Council, the FBI informed Public Advocate that the gunman had in his possession at the time of the shooting a list obtained from the Internet identifying both Public Advocate and the Family Research Council as "anti-gay" groups.  An employee of Public Advocate subsequently identified Mr. Corkins as a person she

had seen in the vicinity of Public Advocate's business offices.  Mr. Corkins also had in his possession fifteen Chick-fil-A sandwiches which he had purchased in the neighborhood of Public Advocate's Virginia offices – the same Chick-fil-A location where Mr. Delgaudio had appeared numerous times to urge support of Chick-fil-A in the face of anti-traditional marriage protests. *See* Delgaudio Declaration, paragraph 6.

13. Mr. Floyd Lee Corkins II, the gunman who shot the unarmed FRC employee, was indicted under the District of Columbia's Anti-Terrorism Act of 2002 under a charge which accused Mr. Corkins of "acting with the intent to intimidate and coerce a significant portion of the civilian population of the District of Columbia and the United States."  *See* Exhibit E hereto, Huffington Post Online article entitled "Family Research Council Shooting Suspect Floyd Lee Corkins Facing Terrorism Charge" dated October 24, 2012.

14. Public Advocate and its President, Mr. Eugene Delgaudio, believe that the Plaintiffs' publication of his home address places Mr. Delgaudio at significant and imminent risk of physical harm.  In addition, Mr. Delgaudio further believes that the publication of his home address exposes his wife and children to physical danger from the followers of groups such as the Southern Poverty Law Center.  *See* Delgaudio Declaration, paragraphs 7-9.

15. Public Advocate seeks to have the home address of its President, Eugene Delgaudio, restricted from public access by restricting access to the Plaintiffs' Motion for Leave to Restrict Access to Plaintiffs' Addresses to the Restriction Level 1 as set forth in D.C.COLO.LCivR 7.2, and from other public disclosure by plaintiffs' counsel.

## II. ARGUMENT

Plaintiffs, through Ms. Sun, their counsel, Deputy Legal Director of the Southern Poverty Law Center, filed numerous documents in this action displaying Defendant Public Advocate of the United States' business address.  In one document, however, Plaintiffs' counsel inexplicably, inconsistently and unnecessarily elected to include the home address of Public Advocate's President, Eugene Delgaudio.  In the very pleading in which Plaintiffs alleged that they had received threats of physical violence, plaintiffs' counsel chose to publicly reveal Mr. Delgaudio's home address to the public in the court's records.

Approximately one month prior to the filing of this action, a Virginia man entered the offices of another Washington, D.C. area pro-marriage group that the SPLC had identified as a "hate group" – the Family Research Council.  The man, Floyd Lee Corkins II of Herndon, Virginia was a pro-same sex marriage advocate who worked with The DC Center for the LGBT Community.  Mr. Corkins opened fire with a semi-automatic handgun after telling an unarmed security guard that "I don't like your politics."  *See* Exhibits C and D, articles describing the shooting at the Family Research Council.

That shooting spree is relevant to Public Advocate's present motion because both Public Advocate and the Family Research Council have been labeled as "Hate Groups" by the Southern Poverty Law Center.  Both pro-marriage groups can be found on the SPLC's Hate Map.  *See* Exhibit B, pages from the Southern Poverty Law Center's webpage showing Public Advocate on the Hate Map. Mr. Corkins was recently indicted under the District of Columbia's Anti-Terrorism Act in which the charges against him stated, in part, that he "act[ed] with the intent to intimidate and coerce a significant portion of the civilian population of the District of Columbia

and the United States." *See* Exhibit E, Huffington Post article entitled "Family Research Council Shooting Suspect Floyd Lee Corkins Facing Terrorism Charge."

Moreover, the FBI advised Mr. Delgaudio that the same man who opened fire at the offices of the Family Research Council was working from a list obtained from the Internet which included both Family Research Council and Public Advocate. Another organization listed on the website of the Southern Policy Law Center, Traditional Values Coalition, reported that it too had been contacted by the FBI as being on the list of the shooter. See P. Hermann, "Head of Traditional Values Coalition said alleged gunman may have targeted their office as well," Washington Post (Aug. 17, 2012). All three organizations, Public Advocate, Family Research Council, and Traditional Values Coalition are identified on the Internet Website of the Southern Poverty Law Center in the exact same manner --- as "Anti-Gay" Hate Groups. Moreover, the shooter had been seen near the office of Public Advocate and had been identified by an employee of Public Advocate and had visited the Chick-fil-A franchise where Mr. Delgaudio had appeared to urge support for that company in the wake of angry protests by anti-traditional marriage activists. *See* Delgaudio Declaration, paragraph 6.

Eugene Delgaudio, President of Public Advocate, believes that he and his family are in danger as a result of having his home address published by the Plaintiffs and the SPLC in public filings. *See* Delgaudio Declaration, paragraphs 7-9. Public Advocate therefore requests that the Plaintiffs' Motion for Leave to Restrict Access to Plaintiffs' Addresses itself be restricted to Level 1 access under Local Rules, and other disclosures by plaintiffs' counsel be barred.

Rule 7.2(B), D.C.COLO.LCivR, permits the Court to restrict public access to documents otherwise available for public inspection when: (i) there is an interest to be protected which

outweighs the public interest in such access; (ii) the movant can show a clearly defined and serious injury that would result if access is not restricted; and (iii) there is no alternative to restricted access. Public Advocate's motion fulfills these requirements as follows:

 (i) <u>Protected Interest vs. Public Access</u>. The public's interest in the home address of the President of Public Advocate is not necessary or relevant to the issues presented in the pending case. Mr. Delgaudio is not a party to the case. His residence address is not the same as the business address of Public Advocate. The public has full and free access to Public Advocate's website and Plaintiffs have published Public Advocate's business address throughout the documents filed in this case.

 (ii) <u>Clearly Defined and Serious Injury</u>. The publication of the home address of an employee of Public Advocate threatens life-threatening injuries on Mr. Delgaudio and his family when viewed in the context of the politically-charged atmosphere of this case. As demonstrated by the shooting at the Family Research Council's offices in August 2012, the advocates of traditional marriage and family values face physical violence as a result of their stance on this polarizing issue. The fact that the Southern Poverty Law Center targeted Public Advocate as a "Hate Group" and placed Public Advocate on its "Hate Map", in the same way that it targeted the Family Research Council, raises concerns in the mind of Mr. Delgaudio for his personal safety. Now that the Plaintiffs here, represented by attorneys from the SPLC, have published Mr. Delgaudio's private residence address, that reasonable concern also extends to Mr. Delgaudio's family.

 (iii) <u>No Alternative to Restricted Access</u>. In this case, there is no alternative to Level 1 Restriction of the Plaintiffs' Motion for Leave to Restrict Access to Plaintiffs' Home Addresses

because that document contains Mr. Delgaudio's home address. The public interest is fully served in this instance because the Plaintiffs have published Public Advocate's business address in several documents filed with the Court and which documents remain unrestricted. Restriction of this single document, coupled with an order enjoining Plaintiffs and their counsel, including the Deputy Legal Director of the Southern Poverty Law Center, from further publication of that address in pleadings filed in this court or on the Southern Poverty Law Center website or any other public place, will serve to protect Mr. Delgaudio, and his family, without burdening, the public's access to information concerning the issues presented here.

Public Advocate attempted to resolve this issue by contacting Plaintiffs' counsel and requesting that Plaintiffs voluntarily agree to restrict access to the document containing Mr. Delgaudio's home address. Plaintiffs' counsel would not agree until this Motion to Restrict Access was prepared and presented for review.

### III. CONCLUSION

Public Advocate has fulfilled all the requirements of D.C.COLO.LCivR 7.2(B) and hereby requests that Plaintiffs' Motion for Leave to Restrict Access to Plaintiffs' Home Addresses be restricted to Level 1 access to protect Mr. Delgaudio and his family from possible physical violence. In addition, Public Advocate requests that Plaintiffs' and their counsel be instructed not to publish the home addresses of Mr. Delgaudio, or any other employee or representative of Public Advocate in any documents published by Plaintiffs or Plaintiffs' counsel or placed on the public record in the case, on the website of the Southern Poverty Law Center, or elsewhere by Plaintiffs.

WHEREFORE, Public Advocate of the United States prays for the entry of an order restricting access to the Plaintiffs' Motion for Leave to Restrict Access to Plaintiffs' Addresses and instructing Plaintiffs, and counsel for the Plaintiffs, to refrain from further publication of Mr. Delgaudio's home address in these proceedings and any press releases related to this proceeding, an award of reasonable attorney's fees incurred in preparing this Motion to Restrict Access, together with such additional relief as the Court deems proper and just.

Respectfully submitted November 20, 2012.

*/s/ Barry K. Arrington*

---

Barry K. Arrington
Arrington Law Firm
7340 East Caley Avenue
Suite 360
Centennial, Colorado  80111
E-Mail: barrry@arringtonpc.com
Phone: 303.205.7870
Fax: 303.463.0410

Christopher M. Collins (admission pending)
Vanderpool, Frostick & Nishanian, P.C.
9200 Church Street, Suite 400
Manassas, Virginia 20110
E-Mail: ccollins@vfnlaw.com
Phone: (703) 369-4738
Fax: (703) 369-3653

CERTIFICATE OF SERVICE

       The undersigned certifies that on November 20, 2012 a true and correct copy of the foregoing was served via the Court's the CM/ECF system on:

Daniel D. Williams, Esq.
Christopher L. Larson, Esq.
Faegre Baker Daniels LLP
1470 Walnut Street
Suite 300
Boulder, Colorado 80302-5335

Christine P. Sun, Esq.
Southern Poverty Law Center
400 Washington Avenue
Montgomery, Alabama 36104

Daralyn J. Durie, Esq.
Joseph C. Gratz, Esq.
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, California 94111

*/s/ Barry K. Arrington*
_____