**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-2550-WYD-KMT

KRISTINA HILL,
BRIAN EDWARDS, and
THOMAS PRIVITERE,

Plaintiffs,

v.

PUBLIC ADVOCATE OF THE UNITED STATES,
a District of Columbia corporation,

Defendant.

_____

**[PROPOSED] ORDER GRANTING DEFENDANT PUBLIC ADVOCATE
OF THE UNITED STATES' MOTION TO RESTRICT ACCESS
TO PLAINTIFFS' MOTION TO RESTRICT ACCESS**
_____

Upon Defendant Public Advocate of the United States' Motion to Restrict Access to Plaintiffs' Motion to Restrict Access, consideration of Plaintiffs' response thereto and the entire record of this case, the Court makes the following findings of fact in support of its decision to GRANT Defendant's Motion to Restrict Access to Plaintiffs Motion to Restrict Access:

1. Plaintiffs, through counsel including the Deputy Legal Director of the Southern Poverty Law Center, filed the Complaint in this action together with a Motion for Leave to Restrict Access to Plaintiffs' Addresses.

2. Defendant agreed to the entry of the Order to Restrict Access.

3. Plaintiffs' counsel correctly identified Defendant's business address in two separate locations in the Complaint.

4. Plaintiffs' counsel also provided the same business address for Public Advocate in the Summons presented in this case.

5. The Civil Cover sheet prepared and submitted by Plaintiffs' counsel even identifies the proper country in Virginia where the Public Advocate business office is located: Fairfax.

6. For reasons that remain unexplained, Plaintiffs' counsel elected to publish the home address of Public Advocate's President, Eugene Delgaudio, on the Certificate of Service which was filed together with the Motion for Leave to Restrict Access to the Plaintiffs' Addresses.

7. Mr. Delgaudio's home is not even located in the same Virginia county as Public Advocate's business address.

8. Plaintiffs published Mr. Delgaudio's home address in a motion which alleges that Plaintiffs received threats, including threats to their personal safety.

9. The Southern Poverty Law Center (SPLC) characterized Public Advocate as a "Hate Group" and identifies the location of Public Advocate on its "Hate Map" which it publishes on its website.

10. The Family Research Council (FRC), another pro-marriage group in the Washington, D.C. area, was labeled as a "hate group" by the SPLC and placed on the SPLC's Hate Map.

11. As reported in several media outlets, On August 15, 2012, a Virginia resident entered the Family Research Council's building in Washington, D.C. and opened fire with a 9mm semi-automatic handgun shooting an unarmed security guard. The gunman, a pro-gay

advocate who worked for the DC Center for the LGBT Community, told the FRC security guard just before shooting him: "I don't like your politics."

12. Public Advocate and its President, Mr. Eugene Delgaudio, stated that the Plaintiffs' publication of his home address places Mr. Delgaudio and his family at significant and imminent risk of physical harm.

13. Counsel for Public Advocate spoke with counsel for Plaintiffs about Defendant's Motion to Restrict Access prior to drafting or filing the motion, however, Plaintiffs' counsel required Public Advocate to prepare this Motion to Restrict Access before Plaintiffs' counsel would respond to Public Advocate's request to restrict access to the Plaintiffs' Motion to Restrict Access.

WHEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Restrict Access to Plaintiffs' Addresses be subject to Level 1 restriction in accordance Rule 7.2(B), D.C.COLO.LCivR;

IT IS FURTHER ORDERED that Plaintiffs and Plaintiffs' counsel, specifically including the Southern Poverty Law Center, shall not publish the home address of Mr. Eugene Delgaudio, President of Public Advocate of the United States, or the home address of any other employee, agent or representative of Public Advocate of the United States in any pleading or other document filed with the court, press release or other public pronouncement for the duration of this action;

IT IS FURTHER ORDERED that Plaintiffs' counsel, the Southern Poverty Law Center shall immediately remove Public Advocate of the United States from the Hate Map published on the Southern Poverty Law Center's website; and

IT IS FURTHER ORDERED that Plaintiffs shall pay to Defendant Public Advocate of the United States an amount equal to the legal fees incurred in preparing and presenting the Motion to Restrict Access to Plaintiffs' Motion for Leave to Restrict Access to Plaintiffs' Addresses based upon a showing by Defendant of the amount expended in bringing this motion.

Dated this ___ day of _____ 2012.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge