IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02550-WYD-KMT

KRISTINA HILL,
BRIAN EDWARDS, and
THOMAS PRIVITERE,

       Plaintiffs,

v.

PUBLIC ADVOCATE OF THE UNITED STATES,
a District of Columbia corporation,

       Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of CONFIDENTIAL INFORMATION or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.  This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.  As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

1

3.  Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of Plaintiffs or Defendant.  Information may only be designated as CONFIDENTIAL after review and upon certification by counsel that the designation is based on a good faith belief that the information is CONFIDENTIAL or otherwise entitled to protection.  CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except the preparation and trial of this case

4.  CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)    attorneys actively working on this case;

(b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)    the parties, including designated representatives for the entity defendant;

(d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)    the Court and its employees ("Court Personnel");

(f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)    an author of the CONFIDENTIAL material or persons who had prior knowledge of it but only to the extent necessary to assist counsel in the prosecution or defense of this action;

(h)    deponents, witnesses, or potential witnesses; and

(i)    other persons by written agreement of the parties.

5.  Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.  Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after Case notice by the court reporter of the completion of the transcript.

8.  A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation

3

of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.  If a party wishes to use any CONFIDENTIAL INFORMATION in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, the filing party shall make reasonable efforts to provide advance notice to the party who designated the information as CONFIDENTAL in order to provide the designating party an opportunity to evaluate whether such information should be filed under seal under D.C.COLO.LCivR 7.2.  In the event the filing party and the designating party cannot agree regarding the  need to file the information under seal, it is the designating party's burden to file an appropriate motion to seal with the Court.  The party filing the documents with the Court shall file them through the ECF system with restricted access preventing disclosure pending the filing of the motion to seal by the designating party.

10.  Upon termination of this litigation, including any appeals, each Party's counsel shall continue to hold the information confidential.  Further, the termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL INFORMATION pursuant to this Protective Order, and the

Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

11.  This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 11th day of December, 2012

BY THE COURT:

_____

United States Magistrate Judge