IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02550–WYD–KMT

KRISTINA HILL,
BRIAN EDWARDS, and
THOMAS PRIVITERE,

      Plaintiffs,

v.

PUBLIC ADVOCATE OF THE UNITED STATES,

      Defendant.

---

## ORDER

---

      This matter is before the court on Plaintiffs' "Motion for Leave to Restrict Access to Plaintiffs' Addresses" (Doc. No. 6, filed Sept. 27, 2012) and "Defendant Public Advocate of the United States' Motion to Restrict Access to Plaintiffs' Motion to Restrict Access"(Doc. No. 29, filed Nov. 20, 2012). For the following reasons, Plaintiffs' Motion is granted and Defendant's Motion is granted in part.

      Plaintiffs' Motion seeks to restrict access to Docket Number 7, which features Plaintiffs' home addresses. Defendant's Motion, in turn, seeks to restrict access to Plaintiffs' Motion, because Plaintiffs' Motion features Defendant's President's home address in the Certificate of Service. Defendant also seeks an award of attorney's fees as incurred in preparing its Motion.

The court will grant the Motions to the extent that they seek to restrict access to Plaintiffs' and Defendant's President's home addresses, respectively.  No objections to the requests to restrict access have been filed after appropriate public notice pursuant to D.C.COLO.LCivR 7.2C.  The court finds that compelling reasons have been shown to restrict access to these addresses.  Namely, the court finds that the risk that public disclosure of these home addresses could subject Plaintiffs and/or Defendant's President to politically-motivated harassment, or even violence, strongly outweighs the public's interest, if there is any, in accessing the same.  *See* D.C.COLO.LCivR 7.2B.2–3.

The court acknowledges that it is ordinarily inappropriate to restrict access to a motion to restrict, as Defendant's Motion requests.  *See* D.C.COLO.LCivR 7.2B ("Any motion to restrict public access *will* be open to public inspection . . . .") (emphasis added).  In addition, the court notes that the only portion of Plaintiffs' Motion that is properly restricted is the address found in the Certificate of Service.  *See* D.C.COLO.LCivR 7.2B.4 (requiring that the moving party "explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question").  Nevertheless, the court finds these concerns are easily alleviated by requiring that Plaintiffs file, for public access, a "placeholder" version of their Motion that redacts Defendant's President's home address.

Finally, the court will deny Defendant request for attorney's fees for failure to provide any argument or authority supporting an award of attorney's fees under these circumstances.

Therefore, it is ORDERED that

Plaintiffs' "Motion for Leave to Restrict Access to Plaintiffs' Addresses" (Doc. No. 6, filed Sept. 27, 2012) is GRANTED.  Docket Number 7 shall be held as a Restricted Document – Level 1 unless or until further order of the court.  It is further

ORDERED that "Defendant Public Advocate of the United States' Motion to Restrict Access to Plaintiffs' Motion to Restrict Access"(Doc. No. 29, filed Nov. 20, 2012) is GRANTED in part and DENIED in part.  Defendant's Motion is GRANTED insofar as Plaintiffs' "Motion for Leave to Restrict Access to Plaintiffs' Addresses" (Doc. No. 6) shall be held as a Restricted Document – Level 1 unless or until further order of the court.  The Motion is DENIED to the extent that it seeks an award of attorney's fees.

It is further

ORDERED that, no later than December 21, 2012, Plaintiffs shall file a redacted version of their Motion to Restrict (Doc. No. 6) that removes any reference to the home address of Defendant's President.

Dated this 14th day of December, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge