IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02550-WYD-KMT

KRISTINA HILL,
BRIAN EDWARDS, and
THOMAS PRIVITERE,

        Plaintiffs,

  v.

PUBLIC ADVOCATE OF THE UNITED STATES,

        Defendant.

---

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

---

    Plaintiffs respectfully submit this Reply in Support of their Motion for Leave to File First Amended Complaint (Dkt. 78) ("Motion"). Contrary to Defendant's assertions, Plaintiffs filed their Motion in a timely manner pursuant to the Court's scheduling order; there are no facts supporting Defendant's claim of prejudice; and Plaintiffs' claims are not futile, as evidenced by the Rule 30(b)(6) deposition testimony of the Defendant undermining any fair use defense. As such, Plaintiffs are entitled to the relief requested in the Motion.

    First, Defendant's argument that Plaintiffs unduly delayed in filing the Motion is meritless. Pursuant to the Court's Scheduling Order, Plaintiffs filed the Motion on April 3, 2013, *see* Dkt. 78, before the Deadline for Joinder of Parties and Amendment of Pleadings set by this Court, *see* Dkt. 76. Defendant's statement that the Motion was untimely in its Opposition to Plaintiffs' Motion is unavailing. *See* Dkt. 83 ("PAUS Opp.") at 2.

Defendant further argues that Plaintiffs were aware of third parties since December 2012, and should have sought to add those parties then, rather than in the Motion before the Court. *See id*. at 1 (adopting Opposition to Plaintiffs' Motion, Dkt. 80). Defendant previously relied upon, and this Court rejected, this same argument when raised in opposition to Plaintiffs' motion to extend the deadline to amend the pleadings. *See* Dkt. 61, 65. As described in Plaintiffs' Motion, Plaintiffs responsibly conducted discovery to determine the roles of the third parties in the infringing acts forming the basis of this litigation. Defendant's claim that Plaintiffs should have prematurely sought to add the third parties as defendants is unavailing and should again be rejected.

Defendant's argument that it will be prejudiced by the relief sought in the Motion is equally unsupported. *See* PAUS Opp. at 3-4. Although prejudice to the nonmoving party is an important factor in deciding whether to grant a motion to amend the pleadings, "[c]ourts typically find prejudice only when the amendment unfairly affects the defendants in terms *of preparing their defense to the amendment*." *Arapahoe Cnty. Water & Wastewater Pub. Improvement Dist. v. HDR Eng'g, Inc.*, No. 08-CV-01788-WYD-KMT, 2009 WL 3158160, at *1-2 (D. Colo. Sept. 25, 2009) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207-08 (10th Cir. 2006)) (emphasis added). More importantly, it is the burden of a party opposing the amendment to demonstrate prejudice. *Id.* at *2 (quoting *Britton v. Car Toys, Inc.*, No. 05-CV-00726-WYD-PAC, 2006 WL 4525699, at *5 (D. Colo. June 16, 2006)).

Defendant offers no explanation for how Plaintiffs' proposed amendment to the pleadings affects Defendant's ability to prepare its defense to the amendment. Instead, Defendant cites generally to the possibility of increased litigation costs and the additional time that may be

required before a judgment is reached. These factors, however, have no bearing on Defendant's *ability to prepare its defense to Plaintiffs' proposed amendment*, which appropriately seeks only to hold additional parties liable for their unlawful conduct. To the extent that Defendant has concerns about upcoming discovery deadlines, any such concerns can be appropriately addressed pursuant to Plaintiffs' pending motion to extend discovery deadlines, *see* Dkt. 81, and/or a scheduling conference initiated by the Court. As such, Defendant fails to meet its burden that it would be prejudiced by the relief sought in the Motion.

Finally, Defendant's argument that Plaintiffs' claims are futile, *see* PAUS Opp. at 2-3, is refuted by Defendant's own testimony. At the Rule 30(b)(6) deposition of Defendant, Eugene Delgaudio admitted that (1) Defendant did not obtain the permission of any of the Plaintiffs prior to using the copyrighted photograph and the images of Plaintiffs Edwards and Privitere,[1] (2) the use of the Photograph and the Plaintiffs' images were wholly unnecessary to convey the Mailers' message,[2] (3) Defendant was aware of many other photos of gay men kissing that are publicly available,[3] (4) it was important to the message of the mailers that the photograph and the persons in the photograph have some connection to Colorado,[4] and (5) the fact that Plaintiffs Edwards

---

[1] *See, e.g.*, Declaration of Anjali Nair ¶ 3, Ex. A at 21:13–22:4 ("Q: Prior to this case, had you heard of Kristina Hill, Brian Edwards or Tom Privitere? A: (Shaking head negatively). Q: Could you please answer with a word? A: No. Q: Thank you. Did you have any idea who they were prior to this case? Mr. Collins: Objection. Asked and answered. A: No. Q: When did you first learn of their names? A: With this case.").

[2] *See, e.g.*, *id*. at 102:15–103:5 ("Q: You didn't need a photograph of these particular gay men? A: No. Q: And you didn't need a photograph taken by this particular photographer? A: No. Q: And when I say, You [sic] didn't need such a photo, you didn't need the photo to express the message that you were trying to put out there to the voters in this Colorado district? A: We didn't need this particular photograph in this particular district.").

[3] *See e.g.*, *id*. at 101: 5–8 ("Q: Right. Right. So there are many, many photos of same sex couples that are publicly available? A: Yes.").

[4] *See, e.g.*, *id*. at 215:2–14 ("Q: And it was important for you that the couple have some connection to Colorado in order to best express the message of the mailers? A: Yes. This is a local mailing for a local race. And I'm from New York, and if I wanted a New York couple, I could find my own New York couple that was by my standards or a San – if it was going to be a race for Congress or a race for U.S. Senator or race for President, but this is a local Colorado race and it needed to be Colorado people. From my perspective – again, what their perspective is these are the Colorado people, I want a Colorado flyer. I want a Colorado document.").

and Privitere are from New York detracted from the message that Defendant intended to convey.[5] These admissions go to the core of Plaintiffs' claims and undercut any fair use defense by Defendant.

For the reasons set forth above and in the Motion, pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to File First Amended Complaint.

Respectfully submitted this 3rd day of May, 2013.

*s/ Anjali Nair*
Christine P. Sun
Anjali J. Nair
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: 334-956-8256
christine.sun@splcenter.org
anjali.nair@splcenter.org

Daniel D. Williams
Christopher L. Larson
Kathryn A. Feiereisel
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203-4532
Telephone: 303-607-3500
dan.williams@FaegreBD.com
christopher.larson@FaegreBD.com
katie.feiereisel@FaegreBD.com

---

[5] *See, e.g.*, *id.* at 274:7–12 ("Q: Right. In fact, if folks knew or recipients of the mailers knew that the couple weren't [sic] even from Colorado and they were from New York City, that would have detracted from the message of the mailer. Correct? A: Yes. That is correct. Yes.").

Daralyn J. Durie
Joseph C. Gratz
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, California 94111
Telephone: 415-362-6666
ddurie@durietangri.com
jgratz@durietangri.com

*Attorneys for Plaintiffs KRISTINA HILL, BRIAN EDWARDS, and THOMAS PRIVITERE*

# CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 3rd day of May, 2013.

Barry K. Arrington, Esq.  
Arrington Law Firm  
7340 East Caley Avenue, Suite 360  
Centennial, CO 80111  
barry@arringtonpc.com

Christopher M. Collins  
Vanderpool, Frostick & Nishanian, P.C.  
9200 Church Street, Suite 400  
Manassas, VA 20110  
ccollins@vfnlaw.com

Terrance L. Ryan  
The Terry Ryan Law Firm, LLC  
800 Marshall Street  
Fort Collins, CO 80525  
Rebecca@terryryanlaw.com

              *s/Jennifer Musgrave*

dms.us.52042076.02