IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02550–WYD–KMT

KRISTINA HILL,
BRIAN EDWARDS, and
THOMAS PRIVITERE,

    Plaintiffs,

v.

PUBLIC ADVOCATE OF THE UNITED STATES,

    Defendant.

---

# ORDER

---

This matter is before the court on Plaintiffs' "Motion for Leave to File First Amended Complaint Pursuant to Rule 15(a)(2)" (Doc. No. 78, filed Apr. 3, 2013 [Mot. Am. Compl.]) and "Motion to Amend the Scheduling Order" (Doc. No. 81, filed Apr. 22, 2013 [Mot. Am. Sched. Order]). Defendant filed a Response to Plaintiffs' Motion to Amend the Complaint on April 22, 2013. (Doc. No. 83 [Def..'s Resp.].) In addition, proposed defendants[1] National Association for Gun Rights (NAGR), Rocky Mountain Gun Owners (RMGO), Lucius B. O'Dell, Andrew Brown, and Dudley Brown (hereinafter "Proposed Defendants") filed a Response to Plaintiffs'

---

[1] The proposed defendants are the individuals and entities that would be added as defendants if Plaintiffs are granted leave to file their First Amended Complaint.

Motion to Amend the Complaint on April 12, 2013.  (Doc. No. 80 [Proposed Defs.' Resp.].) Plaintiff filed a Reply in support of its Motion to Amend the Complaint on May 3, 2013.  (Doc. No. 84 [Reply Mot. Am Compl.].)  Neither Defendant or the Proposed Defendants responded to Plaintiffs' Motion to Amend the Scheduling Order.[2]  Accordingly, these matters are ripe for the court's review and ruling.

Plaintiffs' Motion to Amend the Complaint seeks to file a First Amended Complaint (Doc. No. 78-2) that (1) adds the Proposed Defendants as defendants to this action, and (2) alleges recently discovered facts in support of their claims for copyright infringement and misappropriation.

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

---

[2] On Plaintiffs' filed a Reply in Support of Their Motion to Amend the Scheduling Order. (Doc. No. 89, filed May 17, 2013.)  This pleading is technically inapposite because Defendant never filed a response and therefore there is nothing to reply to.  *Home Design Servs., Inc. v. B & B Custom Homes, LLC,* 509 F. Supp. 2d 968, 971 (D. Colo. 2007) (reply briefs reply to arguments made in the response brief).  Nevertheless, to the extent necessary, the court will consider this filing to be a supplement to Plaintiffs' Motion to Amend the Scheduling Order.

> party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). The Federal Rules reject the approach "that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

The Proposed Defendants maintain that the amendments sought by Plaintiffs are unduly delayed. The court rejects this argument. The Proposed Defendants do not dispute that Plaintiffs' Motion to Amend the Complaint was filed within the deadline for Joinder of Parties and Amendment of Pleadings, as established in the Scheduling Order (*see*, Doc. No. 45, filed Dec. 17, 2012, ¶ 9a) and subsequently extended to April 5, 2013 for good cause shown (Minute Order, Doc. No. 76, filed Mar. 8, 2013). Therefore, the proposed amendments are timely and not unduly delayed. *See Handy v. Diggins,* No. 10-cv-02022-WYD-KMT, 2011 WL 7201986, at *2 (D. Colo. Dec. 21, 2011) *recommendation aff'd and adopted by* 2013 WL 415343 (Feb. 8, 2012) (Daniel, J.).

Defendant argues that it will be unduly prejudiced if Plaintiffs' Motion to Amend the Complaint is granted because Defendant "will be forced to incur the cost of filing and briefing a new motion to dismiss to address plaintiffs' new allegations." (Def.'s Resp. at 3.) However, the mere fact that a defendant's motion to dismiss may be rendered moot if leave to amend is

granted ordinarily is insufficient to establish undue prejudice. *Carskadon v. Diva Int'l, Inc.,* No. 12-cv-01886-RM-KMT, 2013 WL 1876784, at *3 (D. Colo. May 3, 2013).

Instead, courts typically only find undue prejudice "when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006). Here, Plaintiffs seek to assert additional facts only to support her existing claims against the current defendant. Thus, because Plaintiffs' amended claims arise out of the same subject matter as was set forth in their original complaint, the court rejects that Defendant will be unduly prejudiced if Plaintiffs are granted leave to amend.

Defendant also argues that Plaintiffs' Motion to Amend the Complaint should be denied as futile. It is true that a court may deny leave to amend where the complaint, as amended, would be subject to dismissal. *Anderson v. Suiters,* 499 F.3d 228, 1238 (10th Cir. 2007). However, Defendant asserts only that it "believes it is very likely that plaintiffs' claims must fall on fair use and First Amendment grounds"; that Plaintiffs' claims are "so weak as arguably to be frivolous"; and that Plaintiffs' "proposed complaint is subject to dismissal for the same reasons that its original complaint was subject to dismissal." (Def.'s Resp. at 2-3.) These conclusory statements, which are not supported by any substantive law, are insufficient to demonstrate that Plaintiffs' First Amended Complaint is futile. *See also General Steel Domestic Sales, LLC v. Steelwise, LLC,* No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at 4 (D. Colo. June 20, 2008) (recognizing that a futility argument under Rule 15(a) often places "the cart before the horse.");

*Stender v. Cardwell,* No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) (where a party will not face any—let alone undue—prejudice if a motion to amend is granted, their opposition is grievously weakened).

Finally, both Defendant and the Proposed Defendants argue that Plaintiffs' Motion to Amend the Complaint should be denied because the addition of new parties will likely require an extension of the existing discovery deadlines.  The court agrees that the addition of the Proposed Defendants to this action constitutes good cause to amend the Scheduling Order to extend the discovery cut-off, *see* Fed. R. Civ. P. 16(b)(4); however, the mere fact that additional discovery will be required is not a sufficient basis to deny leave to amend the pleadings.  Altogether, the court finds that both of Plaintiffs' motions are properly granted.

Therefore, for the foregoing reasons, it is

ORDERED that Plaintiffs' "Motion for Leave to File First Amended Complaint Pursuant to Rule 15(a)(2)" (Doc. No. 78) and "Motion to Amend the Scheduling Order" (Doc. No. 81) are GRANTED.  The Clerk of Court is directed to file Plaintiffs' First Amended Complaint (Doc. No. 78-2) and the exhibits in support thereof (Doc. Nos. 78-3 – 78-9).  The Fact/Expert Discovery Cut-Off is extended to August 16, 2013 and the Deadline for Serving Discovery Requests is extended to July 14, 2013.

Dated this 29th day of May, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge